THE REMINGTON PAPER COMPANY, Respondent, *v.* PATRICK O'DOUGHERTY et al., Appellants.

(Submitted January 12, 1875; decided May term, 1875.)

THIS was an action to recover for an alleged unlawful taking and conversion of property. The defendant denied, among other things, that plaintiff was a corporation or had a legal capacity to sue. On the trial it was proved on the part of plaintiff, without objection, that the property in question belonged to "The Remington Paper Company" and was taken and converted by defendant. An exemplified copy of a certificate filed in the office of the secretary of State some five years before the taking, conforming to the requirements of the

statute providing for the formation of manufacturing corporations, in which the name of the corporation was stated as " The Remington Paper Company." Defendant moved for a nonsuit upon the ground that there was no sufficient evidence of incorporation or capacity to sue. The motion was denied. *Held*, no error; in a case like this where the defendant claims no right of his own to the property, but simply relies on the technical objection, strict proof would not be required; that the proof, without objection, that the property belonged to The Remington Paper Company amounted to an admission, on the part of defendant, of the existence of the company (*Reed* v. *Gillet*, 12 J. R., 296, 297); that this, with the evidence furnished by the certificate, was sufficient to show a corporate organization (*M. E. Church* v. *Pickett*, 19 N. Y., 482, 486); that it was sufficient, at least, to show a corporation *de facto*, which was all that was requisite as against a trespasser (*S. T. Co.* v. *Cutler*, 6 Vt., 315; *Eaton* v. *Aspinwall*, 19 N. Y., 119; *Bank of T.* v. *I. Bank*, 21 id., 542; *L. Bank* v. *Willard*, 25 id., 574; *The B. and A. R. R. Co.* v. *Cary*, 26 id., 75), and that, as when the certificate was offered in evidence, it was not objected that it did not appear that a duplicate was filed in the office of the county clerk, nor was this objection specified on the motion for a nonsuit, it could not be raised upon appeal.

*D. O'Brien* for the appellants.

*F. H. Remington* for the respondent.

GRAY, C., reads for affirmance.
All concur.
Judgment affirmed.